2014 UT App 252

# THE UTAH COURT OF APPEALS

CHADWICK S. LAW,
Petitioner,
*v.*
DEPARTMENT OF WORKFORCE SERVICES, WORKFORCE APPEALS
BOARD, AND PAUL HIGLEY FIELD WELDING & ERECTION,
Respondents.

Per Curiam Decision
No. 20140657-CA
Filed October 23, 2014

Original Proceeding in this Court

Chadwick S. Law, Petitioner Pro Se

Suzan Pixton, Attorney for Respondent Workforce
Appeals Board

Before JUDGES JAMES Z. DAVIS, MICHELE M. CHRISTIANSEN,
and KATE A. TOOMEY.

PER CURIAM:

¶1      Chadwick S. Law petitions for review of the Workforce
Appeals Board's (Board) order affirming the denial of unemploy-
ment benefits. We decline to disturb the Board's decision.

¶2      An agency's factual determinations will not be disturbed if
they are supported by substantial evidence. *Murray v. Utah Labor
Comm'n*, 2013 UT 38, ¶ 19, 308 P.3d 461. The denial of benefits is a
"mixed question of law and fact." *Id.* ¶ 34. Where a determination
of benefits is fact intensive and requires the fact-finder to assess the
credibility of witnesses, the agency's decision is entitled to defer-
ence. *Id.* ¶¶ 36–38.

¶3     Law quit his job as a welder by walking off the job site after telling the general contractor that his coworkers were using drugs on site and were intoxicated. Law did not tell his employer, Paul Higley Field Welding & Erection (Employer), either that he was quitting or that he suspected drug use by his coworkers. After Law reported his suspicions to the general contractor, Employer was suspended from the work site. The entire crew was immediately sent for drug testing. The results for the crew came back negative and Employer was permitted back on the job.

¶4     Law filed for unemployment benefits. The Department of Workforce Services denied benefits because it found that Law had voluntarily quit without good cause. An administrative law judge (ALJ) affirmed the denial of benefits. The Board then affirmed the ALJ's decision, again finding that Law quit without good cause because he had not told Employer about his concerns.

¶5     A claimant is disqualified from benefits if he quits voluntarily without good cause. Utah Code Ann. § 35A-4-405(1)(a) (LexisNexis 2011). "To establish good cause, a claimant must show that continuing the employment would have caused an adverse effect which the claimant could not control or prevent. The claimant must show that an immediate severance of the employment relationship was necessary." Utah Admin. Code R994-405-102. An adverse effect must be such a hardship that it outweighs the benefits of remaining employed, and may include actual or potential physical harm caused or aggravated by the employment. *Id.* R994-405-102(1)(a). Law asserts that his concerns about working with intoxicated coworkers is evidence of potential physical harm that justified his quitting.

¶6     However, to establish good cause the adverse effect must also have been something beyond a claimant's ability to control or prevent. "Even though there is evidence of an adverse effect on the claimant, good cause will not be found if the claimant . . . did not give the employer notice of the circumstances causing the hardship thereby depriving the employer of an opportunity to make changes

that would eliminate the need to quit." *Id.* R994-405-102(1)(b). It is undisputed that Law did not notify Employer of his concerns, thereby depriving Employer of the opportunity to address those concerns and correct any problem. Accordingly, Law has not established good cause for quitting.

¶7      Where good cause has not been established, "the equity and good conscience standard must be considered. . . . If there are mitigating circumstances, and a denial of benefits would be unreasonably harsh or an affront to fairness, benefits may be allowed." *Id.* R994-405-103(1). However, under this standard, a claimant must have acted reasonably in quitting. *Id.* A claimant's actions may be reasonable "if the decision to quit was logical, sensible, or practical." *Id.* R994-405-103(1)(a).

¶8      The Board determined that Law's action was not reasonable because he had other rational choices that would have permitted him to remain employed. He could have reported his concerns to Employer. At a minimum, he could have returned to work after telling the general contractor of his concerns and could have been tested with the other employees. The general contractor took immediate action and required the entire crew to test. Law would still have a job if he had returned to the work site.

¶9      The Board's findings of fact are supported by substantial evidence. There is no dispute that Law walked off the job and did not tell Employer about his suspicions. Paul Higley's testimony at the hearing was that the crew tested negative for any drugs and was permitted to return to work after the test results came back. Based on the facts established, the Board's determination that Law did not act reasonably is rational. We decline to disturb the Board's decision.

––––––––––––